J-S34021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES COPELAND | |
| Appellant | No. 172 EDA 2016 |

Appeal from the PCRA Order Dated December 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1007631-1999

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 16, 2017**

Appellant, James Copeland, appeals *pro se* from the order denying his petition filed under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

In a prior appeal, we summarized the procedural background of this case as follows:

> Appellant's first jury trial occurred in 2000, but that jury was unable to reach a verdict. His second trial was held in 2002, and that jury found Appellant guilty of two counts of first degree murder and one count of carrying a firearm without a license. In 2006, however, this Court vacated Appellant's sentence and reversed his convictions due to an erroneous jury instruction on alibi. Appellant was then tried for a third time in 2011. Following his third trial, the subject of the instant appeal, Appellant was again convicted of two counts of first degree murder and one count of carrying a firearm without a license.

---

[*] Retired Senior Judge assigned to the Superior Court.

The trial court sentenced Appellant to two consecutive life terms of imprisonment and no further penalty for the firearm conviction.

*Commonwealth v. Copeland*, 81 A.3d 75 (Pa. Super. 2013) (unpublished memorandum at 1). This Court affirmed Appellant's judgment of sentence. *Id.* Appellant sought relief with the Pennsylvania Supreme Court, but his petition for allowance of appeal was denied on December 18, 2013. *Commonwealth v. Copeland*, 82 A.3d 1053 (Pa. 2013).

On April 22, 2014, Appellant filed the underlying PCRA petition *pro se*.[1] The PCRA court appointed counsel on January 15, 2015. Counsel filed a *Turner*/*Finley*[2] no-merit letter on June 5, 2015, along with a motion to withdraw as counsel. On July 20, 2015, Appellant filed a *pro se* "Opposition/Response to Finley Letter"; on September 10, 2015, Appellant filed a *pro se* amended PCRA petition. On September 16, 2015, the PCRA Court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. On September 26, 2015, Appellant filed a *pro se* response, amended PCRA petition, and "Objection to Counsel's Finley Letter." Appellant's counsel filed a response to Appellant's *pro se* amended

---

[1] Appellant's petition was timely because it was filed within a year of his sentence becoming final. *See* 42 Pa.C.S. § 9545(b). Appellant's sentence became final on March 18, 2014, when the 90-day period for filing a writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13. Therefore, Appellant had until March 18, 2015 to file a timely PCRA petition.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Finley v. Pennsylvania*, 550 A.2d 213 (1987) (*en banc*).

PCRA petition on November 6, 2015. On November 19, 2015, the PCRA court filed another notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. On November 30, 2015, Appellant filed a *pro se* "Objection and Counterstatement to the Court's Notice of Intent to Dismiss Pursuant to Pennsylvania Rules of Criminal Procedure 907 with an Addendum to Amend, Raise and Incorporate Prejudice and Cumulative Error into Original PCRA." On December 18, 2015, the PCRA court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw. Appellant, acting *pro se*, filed this timely appeal.

Appellant presents four claims of trial counsel's ineffectiveness:

1. Appellant was denied effective assistance of counsel, as guaranteed under the U.S. and Pennsylvania Constitutions, when trial counsel failed to object after the trial judge was substituted before a verdict was recorded; thus violating Pa.R.Crim.P. 601, Presence of Judge, law of case doctrine, and the coordinate jurisdiction rule.

2. Appellant was denied effective assistance of counsel, as guaranteed under the U.S. and Pennsylvania Constitutions, when trial counsel failed to object to inadmissible testimonial hearsay in the form of autopsy reports testified to by the Commonwealth's medical examiner, inadmissible fabricated ballistics evidence, and the testimony of Dereck Cary who was incarcerated at the time of the events he testified about, therefore he could not have witnessed the events he states he saw.

3. Appellant was denied effective assistance of counsel, as guaranteed under the U.S. and Pennsylvania Constitutions, when trial counsel failed to object after the trial judge neglected to instruct the jurors about the use of a written charge, in violation of Pa.R.Crim.P. 646, Materials Permitted in Possession of Jurors.

4. Appellant was denied effective assistance of counsel, as guaranteed under the U.S. and Pennsylvania Constitutions, when trial counsel erred in advising [A]ppellant not to take the stand.

Appellant's Brief at 3-4.

In reviewing the propriety of the PCRA court's order denying Appellant relief, we are limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super. 2002), *appeal denied*, 808 A.2d 571 (Pa. 2002). We defer to the findings of the PCRA court, which will not be disturbed unless they have no support in the certified record. *Id.* In addition, to be entitled to relief under the PCRA, Appellant must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in Section 9543(a)(2) of the PCRA. One such error is "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

Instantly, all four of Appellant's issues challenge the effectiveness of trial counsel. The law presumes trial counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant as the petitioner. *Id.* To satisfy this burden, the petitioner must plead and prove that: (1) the underlying claim is of arguable merit; (2) counsel lacked

- 4 -

a reasonable basis for taking the actions that are claimed to have been ineffective; and (3) the ineffectiveness of counsel caused petitioner prejudice. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012) (quotation marks and citation omitted). If a petitioner fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the court need not address the remaining prongs. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa. Super. 2009), *appeal denied*, 990 A.2d 727 (Pa. 2010). Where the underlying claim is meritless, "the derivative claim of ineffective assistance of counsel for failing to object has no arguable merit." *Commonwealth v. Spotz*, 47 A.3d 63, 122 (Pa. 2012). "[C]ounsel cannot be considered ineffective for failing to pursue a meritless claim." *Commonwealth v. Lopez*, 739 A.2d 485, 495 (Pa. 1999), *cert. denied*, 530 U.S. 1206 (2000).

Consistent with the foregoing legal authority, we have reviewed the record and conclude that Appellant's claims of trial counsel ineffectiveness do not warrant relief. The Honorable Steven R. Geroff, sitting as the PCRA court, has ably addressed Appellant's four claims, referencing prevailing statutory and case law, as well as the evidence presented at trial. The PCRA court explained: (1) although substitution of the trial judge during jury

deliberations occurred in violation of Pa.R.Crim.P. 601, Appellant was not prejudiced[3]; (2) there is no arguable merit to Appellant's claims regarding the admission of testimony from Dr. Gulino, the Chief Medical Examiner for the City and County of Philadelphia, the ballistics evidence from Detective John Finor, and previously recorded testimony of Derrick Cary; (3) Appellant was not prejudiced by trial counsel's failure to object when the trial court did not follow Pa.R.Crim.P. 646 and instruct the jurors about materials they were permitted to possess; and (4) trial counsel had a reasonable basis for advising Appellant not to testify on his own behalf due to impeachment concerns, and Appellant was not prejudiced by his failure to testify because

_____

[3] This is the first issue presented in Appellant's brief, yet he did not raise it until he filed his *pro se* amended PCRA petition on September 10, 2015. In response to the filing, PCRA counsel noted, "petitioner is not entitled to review of this claim because he did not seek or obtain permission to file an amended petition. *See* Pa.R.Crim.P. 905; ***Commonwealth v. Rykard***, 55 A.3d 1177, 1192 (Pa. Super. 2012)." PCRA Counsel's Response, 11/6/15, at 1, n1. PCRA counsel also stated:

> Although it is clear that [Rule 601] was violated . . . [Appellant] is not entitled to any relief because he did not and cannot prove that it is likely that a different verdict would have resulted had trial counsel proffered an objection. . . . Because the jury was given information it earlier had been exposed to [the jury was provided with portions of two witnesses' police statements that previously had been introduced into evidence], no prejudice occurred. This is especially so because [Appellant] has not shown that the jury was unduly influenced by the statements and the Superior Court noted in its opinion affirming the judgment of sentence [that] the evidence was more than sufficient to support the verdict.

*Id.* at 2.

his alibi evidence was presented through another witness. Accordingly, we adopt the PCRA court's opinion in affirming the order denying Appellant post-conviction relief. The parties are instructed to attach a copy of the June 21, 2016 opinion to any future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017

Exhibit A

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

COMMONWEALTH OF                    :          CP-51-CR-1007631-1999
PENNSYLVANIA                       :
                                   :
                                   :
                                   :
        vs.                        :
                                   :
                                   :          SUPERIOR COURT
JAMES COPELAND                     :          NO. 172 EDA 2016

**FILED**

JUN 2 1 2016                       OPINION

Criminal Appeals Unit
First Judicial District of PA

GEROFF, J.                                    JUNE 21, 2016

Petitioner, James Copeland, has filed an appeal of this court's order denying his amended petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §9541 *et seq.*

I. **PROCEDURAL HISTORY**

Petitioner was tried for the first time from October 17 to November 3, 2000, before Judge Pamela Pryor Dembe; the jury was unable to reach a verdict. Petitioner was retried on October 3-16, 2002, before Judge Dembe and a capital jury. He was found guilty of two counts of first-degree murder and one count of carrying a firearm without a license. After the jury was unable to reach a consensus as to a sentence during the

penalty phase, Judge Dembe imposed two consecutive sentences of life imprisonment without parole on the murder convictions. Petitioner also received a sentence of two and one-half (2½) to five (5) years of imprisonment on the carrying-a-firearm-without-a-license charge.

On October 30, 2002, Petitioner filed a timely notice of appeal with the Superior Court. Petitioner's judgment of sentence was affirmed by the Superior Court on March 11, 2004.

On March 2, 2005, Petitioner filed a Post Conviction Relief Act Petition, which was denied on April 10, 2006. On April 28, 2006, Petitioner filed an appeal, and on May 15, 2007, the Pennsylvania Superior Court reversed the judgment of sentence and remanded the case to the trial court for a new trial based on a flawed jury alibi instruction. On May 29, 2007, the Commonwealth filed a petition for allowance of appeal with the Pennsylvania Supreme Court; the petition was denied on October 4, 2007.

On September 29, 2011, after a jury trial (Petitioner's third) before Judge Caroline Engel Temin, Petitioner was found guilty of two counts of first-degree murder and one count of carrying a firearm without a license.[1] On November 17, 2011, Petitioner was sentenced to two consecutive sentences of life imprisonment without parole on the two first-degree murder convictions. No further penalty was imposed on the firearms conviction. At trial, Petitioner was represented by Patricia McKinney, Esquire and Paul

---

[1] The Commonwealth established at trial that Petitioner shot and killed the victims, Osborn Still and Jaymie Jackson, on December 30, 1997. The Commonwealth's case was centered, *inter alia*, on the testimony of witness Itiel Jones, who testified at the prior trial that victim Jackson made a dying declaration in the form of an affirmative nod when Jones asked him whether Petitioner had shot him. Witness Jones was declared unavailable for Petitioner's third trial; his testimony was read into the record.

2

George, Esquire.

Petitioner filed a timely notice of appeal, and on July 3, 2013, the Superior Court affirmed. Petitioner's petition for allowance of appeal was denied by our Supreme Court on December 18, 2013. On appeal, Petitioner was represented by John Belli, Esquire.

Petitioner filed a timely PCRA petition on April 22, 2014, asserting ineffective assistance of his trial counsel.

On January 15, 2015, James Lammendola, Esquire, was appointed to represent Petitioner. On June 5, 2015, Attorney Lammedola filed a *Finley* ("No Merit") letter.[2]

---

[2] In *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988), our Superior Court provided the following guidance:
[T]he "independent review" necessary to assure a withdrawal request by PCHA counsel require[s] proof of:
1) A "no-merit" letter by PCHA counsel detailing the nature and extent of his review;
2) The "no merit" letter by PCHA counsel listing each issue the petitioner wished to have reviewed;
3) The PCHA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;
4) The PCHA court conducting its own independent review of the record; and
5) The PCHA court agreeing with counsel that the petition was meritless.
*Id.* at 215.
*See also Commonwealth v. Turner*, 518 Pa. 491, 495, 544 A.2d 927 (1988) ("When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw and the petitioner may proceed pro se, or by privately retained counsel, or not at all.").

In *Commonwealth v. Friend*, 2006 PA Super 70, ¶ 8, 896 A.2d 607 (2006) *abrogated by Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009), our Superior Court provided further instruction on the "conditions precedent to an order of court which terminates the representation of PCRA counsel":

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement

3

Also on June 5, 2015, Attorney Lammendola filed a Motion to Withdraw as Counsel for the Petitioner.

On September 10, 2015, Petitioner filed a "*Pro Se* Amendment to Post Conviction Relief Act (PCRA)." On November 6, 2015, Attorney Lammendola filed a response to Petitioner's *Pro Se* Amendment. On November 30, 2015, Petitioner filed an "Objection and Counterstatement to the Courts [*sic*] Notice of Intent to Dismiss Pursuant to Pennsylvania Rules of Criminal Procedure 907 with an Addendum to Amend, Raise and Incorporate Prejudice and Cumulative Error into Original PCRA."

On December 18, 2015, following a review of the pleadings, record, evidence and argument of counsel, Petitioner's Petition for Post Conviction Relief was dismissed for lack of merit.[3] On December 31, 2015, Petitioner timely filed a *pro se* Notice of Appeal.

## II.  STANDARD OF REVIEW

### Timeliness

The Post Conviction Relief Act requires that a post-conviction petition be filed within one year of the date the judgment becomes final. A judgment becomes final at the conclusion of direct review, including time to seek discretionary review before the

---

advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se* or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Id.* at 615.

[3] The dismissal occurred more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R. Crim. P. 907.

4

Pennsylvania Supreme Court and the United States Supreme Court. The one-year limitation is exempted if a petitioner bases his claim upon governmental interference with the appellate process; exculpatory evidence, which was previously unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or a constitutional right recognized after the one-year limitation, if that constitutional right is held to apply retroactively. Any petition invoking an exception to the one-year limitation must be filed within sixty days of the date the claim could be presented. 42 Pa.C.S. § 9545 (b).

The Pennsylvania Supreme Court has ruled that Pennsylvania courts have no jurisdiction to hear untimely Post Conviction Relief Act petitions. *Commonwealth v. Hall,* 565 Pa. 92, 95, 771 A.2d 1232, 1234 (2001).

> This court has made clear that the time limitations pursuant to the amendments to the PCRA are jurisdictional ... Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.

*Commonwealth v. Fahy,* 558 Pa. 313, 328-29, 737 A.2d 214, 222 (1999).

Where the Post Conviction Relief Act petition is untimely, a petitioner must plead and prove that a one-year filing exception applies.


## Ineffective Assistance of Counsel

In determining whether counsel rendered ineffective assistance, the court must use a three-pronged test as set forth in *Commonwealth v. Pierce,* 515 Pa. 153, 158-60, 527 A.2d 973, 975-76 (1987). *Commonwealth v. Chmiel,* 612 Pa. 333, 361, 30 A.3d 1111, 1127 (2011). First, the court must ascertain whether the issue underlying the claim

has arguable merit. This requirement is based upon the principle that counsel will not be found ineffective for failing to pursue a frivolous claim or strategy. Second, if the petitioner's claim does have arguable merit, the court must determine whether the course chosen by counsel had some reasonable basis designed to serve the best interest of the petitioner. Finally, if a review of the record reveals that counsel was ineffective, the court must determine whether the petitioner has demonstrated that counsel's ineffectiveness worked to his prejudice. *Id.; Commonwealth v. Stewart*, 2013 PA Super 317, 84 A.3d 701, 706-07 (2013) appeal denied, 625 Pa. 664, 93 A.3d 463 (2014); *Commonwealth v. Breisch*, 719 A.2d 352, 354 (Pa. Super. Ct. 1998); *Commonwealth v. Pendola*, 416 Pa. Super. 568, 571, 611 A.2d 761, 763 (1992), *appeal denied*, 629 A.2d 1378 (Pa. 1993). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Hudson*, 2003 PA Super 104, ¶ 17, 820 A.2d 720, 726 (2003) (citation omitted).

A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 583 Pa. 130, 876 A.2d 380, 385 (2005) ("[I]f a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim of trial counsel ineffectiveness, he or she will have failed to establish the arguable merit prong related to the claim of ... counsel's ineffectiveness."). Whether the "facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Saranchak*, 581 Pa. 490, 866 A.2d 292, 304 n. 14 (2005).

In order to establish prejudice, a petitioner must show that counsel's ineffectiveness was of such magnitude that the verdict essentially would have been

6

different absent the ineffective assistance. *Commonwealth v. Howard*, 538 Pa. 86, 645 A.2d 1300, 1308 (1994). *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the context of a PCRA claim, petitioner must not only establish ineffective assistance of counsel but also plead and prove that counsel's stewardship so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S. §9543 (a)(2)(ii); *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995); *Commonwealth v. Rowe*, 411 Pa. Super. 363, 601 A.2d 833 (1992).

Counsel is never ineffective for failing to make a frivolous objection or motion. *Commonwealth v. Groff*, 356 Pa. Super. 477, 514 A.2d 1382, 1386 (1986), *appeal denied*, 531 A.2d 428 (Pa. 1987); *Commonwealth v. Davis*, 313 Pa. Super. 355, 459 A.2d 1267, 1271 (1983). Similarly, counsel is never ineffective for failing to raise a frivolous issue in post-verdict motions or on appeal. *Commonwealth v. Thuy*, 424 Pa. Super. 482, 623 A.2d 327, 355 (1993); *Commonwealth v. Tanner*, 410 Pa. Super. 398, 600 A.2d 201, 206 (1991).

The law presumes that trial counsel was effective. *Commonwealth v. Quler*, 366 Pa. Super. 275, 531 A.2d 8, 9 (1987); *Commonwealth v. Norris*, 305 Pa. Super. 206, 451 A.2d 494, 496 (1982). Therefore, when a claim of ineffective assistance of counsel is made, it is the petitioner's burden to prove such ineffectiveness; that burden does not shift. *Commonwealth v. Cross*, 535 Pa. 38, 634 A.2d 173, 175 (1993), *cert. denied*, 115 S.Ct. 109, 130 L.Ed.2d 56 (Pa. 1994); *Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333, 1335-36 (1988); *Commonwealth v. Tavares*, 382 Pa. Super. 317, 555 A.2d 199, 210 (1989); *appeal denied*, 571 A.2d 382 (Pa. 1989).

7

## III. DISCUSSION

As a threshold matter, this court finds that Petitioner's appeal is timely and that, therefore, his Petition may be addressed on the merits.

In his Petition, Petitioner claims that he is eligible for relief based on his trial counsel's ineffective assistance. Petitioner argues that:

1. Trial counsel were ineffective for failure to object to the testimony of the Commonwealth's medical examiner on confrontation grounds because he did not perform the autopsies on the victims or prepare the autopsy reports.
2. Trial counsel were ineffective for failure to object when the trial court gave the jury written instructions without explaining to the jury how to use them, in violation of Pa.R.Crim.P. 646.
3. Trial counsel were ineffective for failure to object to the introduction of evidence pertaining to the discovery of .45 caliber ammunition at the residence where petitioner was arrested.
4. Trial counsel were ineffective for not objecting to the presentation of testimony from a previous trial given by Dereck Cary as he was incarcerated at the time the events he testified about occurred and therefore could not have witnessed the events in question.
5. Trial counsel were ineffective for advising petitioner against testifying at trial with regard to his alibi defense.

*See* Petitioner's PCRA Petition, 04/22/2014, pp. 6-7.[4]

6. Trial counsel were ineffective for failure to object to the substitution of the trial judge before a verdict was recorded.[5]

*Pro Se* Amendment to Post Conviction Relief Act, 09/10/2015, p. 2.

Upon careful review of the record and the applicable law, this court concludes that Petitioner's claims are meritless. No relief is due.

---

[4] Petitioner used letters rather than numbers when listing his claims (which he presented in the form of questions). For the ease of reference, this court has the claims numbered and presented in the form of statements.

[5] For convenience, this court has this claim numbered consecutively (#6). (The claim was raised by Petitioner separately, in his *pro se* Amended Petition.)

8

## Trial counsel were not ineffective for failure to object to the testimony of the Commonwealth's medical examiner on confrontation grounds.

Petitioner claims that his trial counsel were ineffective for failure to object to the testimony of the Commonwealth's Medical Examiner, Dr. Sam Gulino, on confrontation grounds because the Medical Examiner personally did not perform the autopsies or prepare autopsy reports.

Under both the United States and the Pennsylvania Constitutions, the right to confrontation guarantees a person accused of a crime the right "to be confronted with the witnesses against him." United States Constitution, Sixth Amendment; Pennsylvania Constitution, Art. I, § 9. While the right of cross-examination is a fundamental right, it is not absolute. *Commonwealth v. Rosser*, 2016 PA Super 51 (Feb. 26, 2016) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435, 89 L. Ed. 2d 674 (1986)). "Generally speaking, the Confrontation Clause guarantees *an opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L. Ed. 2d 15 (1985) (emphasis in the original). *See also* *Maryland v. Craig*, 497 U.S. 836, 850, 110 S. Ct. 3157, 3166, 111 L. Ed. 2d 666 (1990) ("...Sixth Amendment rights must also be interpreted in the context of the necessities of trial and the adversary process.").

Under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), out-of-court statements which are testimonial in nature are inadmissible unless they were subject to the Confrontation Clause of the U.S. Const. amend. VI. *See*

9

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 305-06, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009) (applying *Crawford*, "certificates of analysis" prepared by a laboratory analyst and sworn before a notary public are testimonial in nature and could not be admitted without giving the defendant an opportunity to cross-examine the analyst).

Pennsylvania law permits experts to render opinions based on factual findings of other experts. *See e.g.; Commonwealth v. Vandivner*, 599 Pa. 617, 631-32, 962 A.2d 1170, 1178-79 (2009) (holding that pathologist may offer opinions based upon the information received from another coroner); *Commonwealth v. Mitchell*, 391 Pa. Super. 100, 104, 570 A.2d 532, 534 (1990) ("In homicide cases, pathologists may base their opinions on facts from autopsy reports prepared by others.").

Here, Dr. Gulino, Chief Medical Examiner for the City and County of Philadelphia, provided expert testimony at Petitioner's trial. Although Dr. Gulino did not perform the autopsies of the victims or prepared the autopsy reports, he personally reviewed the reports prepared by other medical examiners and inspected the entire Medical Examiner's file relevant to the matter. Following the review, Dr. Gulino formed his own independent opinion with regard to the case and manner of death of both victims. Under the law, Dr. Gulino was indeed authorized to render his own expert opinions based on factual finding of other experts.

This court is satisfied that there was no Confrontation Clause violation in the instant matter as it concerned the testifying expert's own independent professional judgment and not the opinion of the medical examiner who prepared the autopsy report. Petitioner's counsel, therefore, was not ineffective for not objecting to Dr. Gulino's testimony. No relief is due.

10

## Trial counsel were not ineffective for failure to object when the trial court provided the jury with the written instructions without explaining how to use them.

Petitioner argues that his trial counsel were ineffective for not objecting when the trial court gave the jury the written instructions yet did not explain how to use them, in violation of Pa.R.Crim.P. 646. In addition, Petitioner claims that the error was not harmless.[6]

Rule 646, Material Permitted in Possession of the Jury, states, *inter alia*:

(A) Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C).

(B) The trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.

---

[6] An error would be deemed harmless if it could not have contributed to the verdict. *Commonwealth v. Mitchell*, 576 Pa. 258, 280, 839 A.2d 202, 215 (2003). "[T]he burden of establishing that the error was harmless beyond a reasonable doubt rests upon the Commonwealth." *Commonwealth v. Story*, 476 Pa. 391, 404, 383 A.2d 155, 162 n. 11(1978) (citations omitted).

[An] error cannot be harmless if there is a reasonable possibility the error might have contributed to the conviction. *Id.* We have found harmless error where:

"(1) the error did not prejudice the defendant or the prejudice was *de minimis*;

(2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or

(3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict."

*Commonwealth v. Young*, 561 Pa. 34, 748 A.2d 166, 193 (1999) (quoting *Commonwealth v. Robinson*, 554 Pa. 293, 721 A.2d 344, 350 (1998)).

*Commonwealth v. Wright*, 599 Pa. 270, 311-12, 961 A.2d 119, 143 (2008).

11

(1) If the judge permits the jury to have written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed, the judge shall provide that portion of the charge in its entirety.

(2) The judge shall instruct the jury about the use of the written charge. At a minimum, the judge shall instruct the jurors that

    (a) the entire charge, written and oral, shall be given equal weight; and

    (b) the jury may submit questions regarding any portion of the charge.

Pa. R. Crim. P. 646 (emphasis added).

In the present case, the trial court did not, in fact, follow the requirements of Rule 646.[7] However, this court notes that the jury did not appear confused and did not ask for any additional or clarifying instructions despite an opportunity to do so. On the contrary, when asked during deliberations whether the jury needed any such instruction, the jury foreperson responded in the negative: "[THE COURT]: Does the jury require any additional or clarifying instructions on the law that applies to this case? .... THE FOREPERSON: No, Your Honor." (N.T. Volume 1, 9/29/11, p. 4). Furthermore, the court noted that in the event there is a need for additional instructions, the jury could pose a question to the court in writing: "If you need additional instructions in the law during the course of your deliberations, you can send a note through your foreman, and I will answer your question." (N.T. 9/27/11 Volume 1, p. 144).

---

[7] The court instructed the jury as follows:

When you go to deliberate on the verdict, you will be given a copy of these slides to have with you so that you don't have to just remember everything I say in detail, but you should pay very close attention during the charge to what I'm about to say.

(N.T. 9/27/11 Volume 1, 164-65).

12

This court is firmly of the belief that the error was harmless and could not have contributed to the verdict assigned to Petitioner. *See Commonwealth v. Hutchinson,* 571 Pa. 45, 55, 811 A.2d 556, 562 (2002) ("In the absence of ... a showing of prejudice, Appellant's ineffectiveness claim necessarily fails."). This court is satisfied that Petitioner would not be able to establish that there was a reasonable probability that the verdict would have been different but for his counsel's omission and that he was prejudiced by his counsel's failure to object to the trial court's deficient jury instructions.

## Trial counsel were not ineffective for failure to object to the introduction of evidence pertaining to the discovery of .45 caliber ammunition in the residence where petitioner was arrested.

Petitioner argues that his trial counsel were ineffective for failure to object to the testimony of Detective John Finor who testified at Petitioner's trial as an expert in the field of ballistics. Petitioner claims that Detective Finor's testimony was "false, fraudulent, and fabricated." Petitioner's Petition for Post Conviction Collateral Relief, 04/22/2014, p. 11.[8] He argues that he was unduly prejudiced by Detective Finor's testimony, as it allegedly allowed the jury to connect the ammunition found inside Petitioner's home to the ammunition collected at the scene of the shootings.

This court agrees with Petitioner's PCRA counsel that Petitioner's claim is meritless. *See Commonwealth v. James Copeland* ["No-Merit" Letter], 06/05/2015, pp. 20-21. Here, during his testimony, Detective Finor indicated, *inter alia,* that none of the unfired ammunition recovered from Petitioner's home had been manufactured by Speer

---

[8] In his Petition, Petitioner gives two different dates for Detective Finor's testimony at Petitioner's trial. This court notes that the correct date is 09/22/2011 (not 10/22/2011). *See* Petitioner's PCRA Petition, 04/22/2014, p. 11.

13

or Remington or corresponded to the ballistic evidence found at the crime scene.[9]

> Q So [the fired cartridge casings] don't correspond in any way, other than their caliber, to the ballistic evidence found at the scene; correct?
> A Correct.
> Q And you have already indicated to us that the .45-caliber firearm that was given to you on September 10, 1999, was not the gun that fired the ballistic evidence recovered at the crime scene; correct?
> A It was not. It definitely was not the firearm.

(N.T. Volume 1, 09/22/2011, p. 193).

This court is satisfied that Petitioner's claim of his trial counsel's ineffectiveness for failure to object to Detective Finor's testimony is meritless. This court agrees with Petitioner's PCRA counsel that Petitioner could never show that he was prejudiced by the reference to the ammunition found at the scene, as the jury could not reasonably have concluded that the ballistic evidence recovered from Petitioner's residence corresponded to that found at the crime scene. Petitioner's meritless claim necessarily fails. No relief is due.

**Trial counsel were not ineffective for failure to object to the presentation of testimony from a previous trial.**

Petitioner claims that his trial counsel were ineffective for failure to object to the introduction in evidence of the recorded testimony of Derrick Cary at one of Petitioner's previous trials. Petitioner argues that Cary was in custody on the day of the incident and that, therefore, he could not have witnessed the events to which he testified. Petitioner also notes that Cary lied about seeing a man named Stokes earlier on the day of the incident because Stokes was incarcerated at that time.

---

[9] Detective Finor testified that of the six fired cartridge casings found at the scene two had been manufactured by Remington and the remaining four by Speer. (N.T. Volume 1, 09/22/11, p. 191).

14

According to Cary's testimony, on the day of the incident, he was, in fact, under house arrest and not incarcerated. Cary testified that after seeing Petitioner that day, he had to go home due to his being on house arrest. "QUESTION: [W]hy did you have to go home? ANSWER: **Because I was on house arrest.** QUESTION: And you were on house arrest for what? ANSWER: A theft." (N.T. Volume I, 9/23/11, p. 32) (emphasis added). Furthermore, during Cary's examination it was brought to light that Stokes was incarcerated on the day of the incident and that Cary, in fact, could not have seen him. (N.T. Volume I, 9/23/11, p. 40).

This court agrees with the PCRA attorney's conclusion that Petitioner could not raise a meritorious ineffectiveness claim with regard to this issue because it lacks arguable merit. No relief is due.

**Trial counsel were not ineffective for failure to advise Petitioner to testify at trial.**

Petitioner avers that his trial counsel falsely advised him that if he testified, the Commonwealth would impeach him with his entire criminal record. Petitioner argues that his trial counsel thereby coerced him into waiving his right to testify with respect to his alibi defense.

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. *Commonwealth v. Bazabe*, 404 Pa.Super. 408, 590 A.2d 1298, *alloc. denied*, 528 Pa. 635, 598 A.2d 992 (1991); *Commonwealth v. Fowler*, 362 Pa.Super. 81, 523 A.2d 784, *alloc. denied*, 517 Pa. 598, 535 A.2d 1056 (1987); *see Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619, 624 n. 4 (1983). In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

15

*Commonwealth v. Carson*, 559 Pa. 460, 484, 741 A.2d 686, 699 (1999) *abrogated by Commonwealth v. Freeman*, 573 Pa. 532, 827 A.2d 385 (2003) (citations omitted).

As a preliminary matter, the trial court conducted an extensive and thorough colloquy with regard to Petitioner's right to testify and the decision to waive that right. (N.T. Volume 1, 9/26/2011, pp. 278-82).

The record validates that Petitioner discussed his right to testify with his counsel; that Petitioner's decision not to testify was his own, and that his waiver of the right to take the witness stand was knowing, intelligent, and voluntary. *See, e.g., Commonwealth v. Lawson*, 2000 PA Super 336, ¶ 5, 762 A.2d 753, 755 (2000) ("It is well settled that a defendant who made a knowing, voluntary, intelligent waiver of testimony may not later claim ineffective assistance of counsel for failure to testify.").

Here, during the court's colloquy, Petitioner represented that he had never been treated for mental illness and indicated that he was not under the influence of drugs, alcohol, or medication. He confirmed that he understood that he had an absolute constitutional right to testify on his own. (N.T. Volume 1, 9/26/2011, p. 279). Petitioner acknowledged that he discussed the issue with his attorneys and that he was satisfied with their representation. *Id.* at 280-81. He also stated that no one promised anything to him or used force against him or threatened him to get him to give up his right to testify in his own defense and that he was doing it of his own free will. *Id.* at 282. This court, therefore, agrees with the trial court's conclusion that Petitioner made a knowing, intelligent, and voluntary decision not to testify.

In addition, as underscored by Petitioner's PCRA counsel, Petitioner's state criminal extract indicates that he had multiple *crimen falsi* convictions; that evidence could have been introduced at trial to impeach his credibility. *See* Commonwealth v.

16

James Copeland ["No-Merit" Letter], 06/05/2015, pp. 24-25.

Rule Pa.R.E. 609, Impeachment by Evidence of a Criminal Conviction, provides in pertinent part:

> (a) **In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
> (b) **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
> (1) its probative value substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609(a)-(b).

In *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326 (1987), our Supreme Court afforded the following guidance with regard to *crimen falsi* convictions from over ten years before the trial date:

> [E]vidence of prior convictions can be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of confinement is within ten years of the trial date. If a period greater than ten years has expired the presiding judge must determine whether the value of the evidence substantially outweighs its prejudicial effect.

*Id.* at 1329.

Here, although Petitioner's *crimen falsi* convictions were over ten years old at the time of Petitioner's most recent trial, there was indeed a possibility that those convictions could have been deemed admissible for impeachment purposes. This court is, therefore, satisfied that Petitioner's counsel had a reasonable basis for advising Petitioner to abstain from testifying. *See Commonwealth v. Thomas*, 783 A.2d 328, 335 (Pa. Super. 2001)

17

("[A]dvice by trial counsel not to testify would have been reasonable in light of Appellant's prior convictions..., which a vigorous cross-examination would have exposed and which certainly would have crippled any chance of Appellant's success at trial.") (citation omitted).

Furthermore, this court agrees with the PCRA counsel that the trial counsel's advice could not have prejudiced Petitioner because his alibi evidence was presented through James Copeland Sr., Petitioner's father.[10] In light of his father's testimony, Petitioner's proposed alibi testimony would have been cumulative and would not have resulted in a different outcome of the trial. *See Commonwealth v. Hall*, 549 Pa. 269, 300, 701 A.2d 190, 206 (1997) ("[C]ounsel cannot be deemed ineffective for failing to pursue cumulative evidence.").

This court is, therefore, satisfied that Petitioner's claim is meritless and must fail.

**Trial counsel were not ineffective for failure to object to the substitution of a judge.**

In his Amended PCRA Petition, Petitioner alleges that his trial counsel was ineffective for failure to object to the substitution of Judge DeFino-Nastasi for Judge Temin, the trial judge, when the latter was off in observance of a Jewish holiday. Relying on Pa.R.Crim.P. 601, Petitioner claims that his trial counsel should have objected to the judicial substitution.

Pa.R.Crim.P. 601 states, in relevant part:

Rule 601. Presence of Judge

(A) A judge shall be present at all stages of the trial.

---

[10] *See* N.T. Volume 1, 9/26/11, pp. 110-18.

18

(B) Any judge may preside at a pretrial conference, during the hearing and disposition of a pretrial application, or during the selection of a jury.

(C) The judge who is present from the time the trial commences shall be considered the trial judge and shall be present, except in extraordinary circumstances, until a verdict is recorded or the jury is discharged.

Pa. R. Crim. P. 601

*See also Commonwealth v. Thompson*, 328 Pa. 27, 28-29, 195 A. 115, 116 (1937).

("The substitution of judges during a case should be carefully guarded and never permitted except under most extraordinary circumstances.... Substitution must be a matter of necessity, where the due administration of justice makes it imperative and without prejudice.").

Although this court does find that the above rule was violated by the judicial substitution, this court agrees with the PCRA counsel's conclusion that Petitioner "is not entitled to any relief because he did not and cannot prove that it is likely that a different verdict would have resulted had trial counsel proffered an objection." Commonwealth v. James Copeland, [Response], 11/05/2015, p. 2.

Here, Judge Temin, who presided over Petitioner's trial, was substituted by Judge Rose Marie DeFino-Nastasi for a portion of the trial which substitution allowed Judge Temin to observe a Jewish holiday. Following the jury's request and at the direction of Judge DeFino-Nastasi, without objection by Petitioner's counsel, the jury was provided with parts of the witnesses' statements which the jury had already heard when the statements were introduced in evidence.[11]

This court is satisfied that Petitioner cannot show that he was prejudiced by his

---

[11] Specifically, the jury requested that it be provided with statements, which Lupino Walton and Itiel Jones gave to police. (N.T. Volume 1, 9/28/11, pp. 21-22).

19

counsel's omission and that the verdict would have been different had the jury not been provided with this hitherto presented information. No relief is due.

## IV. CONCLUSION

Petitioner has failed to demonstrate any basis for relief. In the absence of any meritorious challenge that can be found in the reviewable record, Petitioner has failed to articulate his allegations in accordance with the requisites of a claim predicated upon counsel's ineffectiveness. No relief is due.

For the foregoing reasons, Petitioner's petition for post-conviction collateral relief was properly dismissed.

BY THE COURT:

STEVEN R. GEROFF,    J

20